DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment entry of the Hocking County Court of Common Pleas in a post-decree divorce proceeding.
The parties to this appeal were granted a divorce in 1995. However, they have continued to have disputes. In 1998, appellee filed a motion for contempt and other relief under Civ.R. 60(B). Appellant responded with a similar motion as well as a motion for modification of parental rights and responsibilities. Numerous issues were raised by both parties in these proceedings, including child custody, health insurance coverage and expenses, child support, contempt charges, and other matters.
On July 6, 1999, the trial court filed a judgment entry addressing all but five of the issues raised in the post-decree proceedings.[1] The court ordered that the remaining issues be decided following a non-oral hearing scheduled for August 3, 1999. The court ordered the parties to submit affidavits, documents and any stipulated facts by that date. The parties complied with this order, and on August 31, 1999, the trial court filed another judgment entry. From this entry, the appellant filed a timely notice of appeal raising the following assignment of error:
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION BY ENTERING A JUDGMENT AGAINST APPELLANT ON THE HEALTH INSURANCE ISSUE, CHILD SUPPORT ISSUE, AND THE PERSONAL PROPERTY ISSUE BECAUSE THE TRIAL COURT'S JUDGMENT WAS ARBITRARY, REPLETE WITH ERRORS, AND NOT SUPPORTED BY SUFFICIENT EVIDENCE.
Initially, we must determine if the trial court's judgment entry on August 31, 1999 was a final appealable order. It is well established that the order or judgment appealed from must be final in order for the court of appeals to have subject matter jurisdiction. Noble v. Colwell (1989),44 Ohio St.3d 92. An order in a case involving multiple claims is not final and appealable unless it complies with R.C. 2505.02 and Civ.R. 54(B), if applicable. McDonald v. McDonald (Sept. 18, 2000), Highland App. No. 99CA2, unreported, citing Noble, supra; Commercial Savings Bankv. City of Jackson (Oct. 6, 1997), Jackson App.
No. 97CA798, unreported, citing Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86. While the court's August 31, 1999 entry clearly affects the parties' substantial rights, and thus satisfies the R.C. 2505.02 component, it does not comply with Civ.R. 54(B). In the case of multiple claims and parties, the court may convert an otherwise interlocutory order into a final order by making an express determination that "there is no just reason for delay" pursuant to Civ.R. 54(B). In that context, an entry that does not resolve all the claims and fails to contain the "magic language," is not a final appealable order.
The trial court's first entry on July 6, 1999 resolved many of the issues raised by the parties in their post-decree motions. However, the court deferred its decision on the following five remaining issues subject to a "non-oral, affidavit only" hearing scheduled for August 3, 1999:
1) Plaintiff's liability to Defendant for health care expenses incurred during the divorce for the Defendant's care during the lapse of insurance, if any,
2) Modification of child support and the percentage to be paid by each party of the health care expenses of the child of the parties which are not paid by insurance,
3) Each party's entitlement to claim the child for tax exemption purposes and other tax purposes,
4) The resolution and remedy of each party's claims and allegations related to personal property, and
5) Plaintiff's request that transportation for visitations can be affected by a reasonable driver known by the child of the parties even if that person is a non-family member.
The parties addressed each of the five issues set for non-oral hearing in their supplemental memoranda and affidavits to the court. However, in its judgment entry of August 31, 1999, the trial court only addressed and decided the first four issues. The trial court failed to address appellant's request for a modification to allow for someone other than the parties to transport the child for visitations. This issue was not rendered moot by determination of the other issues. Moreover, the entry did not indicate that there was no just reason for delay as required by Civ.R. 54(B). Therefore, we find that the trial court's judgment entry of August 31, 1999 is not a final appealable order.
We are aware that the trial court's omission was probably inadvertent, and that dismissal of this appeal will further delay an already protracted post-divorce proceeding. Nevertheless, we do not have authority to proceed to address the merits of the issues raised for our review. See Section 3(B), Article IV, Ohio Constitution. For this reason, we dismiss this appeal for lack of jurisdiction.[2]
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas, Domestic Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of filing of this Entry.
A certified copy of this Entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. Evans, J.: Concur in Judgment and Opinion For the Court.
 _________________________ William H. Harsha, Judge
[1] The July 6, 1999 entry indicates that all contempt charges, and other motions not addressed by the entry, were dismissed without prejudice.
[2] Upon remand, the trial court is free to add the Civ.R. 54(B) language by nunc pro tunc entry or to proceed with the disposition of the 5th issue as it sees fit. If the court proceeds nunc pro tunc, the parties may file a new notice of appeal and seek leave to proceed on the briefs already filed with this court.